UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLOTTE COLON,

    Plaintiff,

v.                                  Case No: 3:18-cv-630-J-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## OPINION AND ORDER

Plaintiff, Charlotte N. Colon, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed applications for a period of disability, DIB, and SSI on September 10, 2014, alleging a disability onset date of January 1, 1999. (Tr. 151, 263-74). Plaintiff's applications were denied at the initial and reconsideration levels. (Tr. 183-201). Plaintiff subsequently amended her alleged onset date to October 13, 2014. (Tr. 104, 296). Plaintiff requested a hearing and, on May 23, 2017, an administrative hearing was held before Administrative Law Judge K. Barlow (the "ALJ"). (Tr. 100-121). On June 14, 2017, the ALJ entered a decision finding Plaintiff not disabled. (Tr. 20-34). The Appeals Council denied Plaintiff's request for review on March 8, 2018. (Tr. 2-6). Plaintiff initiated the instant action by Complaint (Doc. 1) on May 11, 2018.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 13, 2014, the alleged onset date. (Tr. 14). At step two, the ALJ found that Plaintiff had the following severe impairments: disorders of the spine; status post right ankle fracture; and status post left wrist fracture. (Tr. 14). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with no climbing or exposure to concentrated fumes, gases, poorly ventilated areas or hazards; no more than occasional stooping, crouching, crawling, kneeling, and balancing; and, no more than frequent handling with the non-dominant left upper extremity.

(Tr. 17). At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as a cashier checker as such work does not require the performance of work-related activities precluded by her RFC. (Tr. 21). The ALJ relied on the testimony of a vocational expert in reaching this decision. (Tr. 22). The ALJ concluded that Plaintiff has not been under a disability from October 13, 2014, through the date of the decision, June 14, 2017. (Tr. 22).

**II.    Analysis**

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by finding that Plaintiff's mental impairments were not severe and by failing to include mental impairments in the RFC finding; (2) whether the ALJ erred by failing to properly evaluate the Adult Function Report completed by Plaintiff's daughter; and (3) whether the ALJ erred by finding that Plaintiff can perform her past relevant work and failing to prove that Plaintiff can perform other work which exists in the national economy. The Court will address each issue in turn.

**(a) Whether the ALJ erred by finding that Plaintiff's mental impairments were not severe and by failing to include mental impairments in the RFC.**

Plaintiff argues that the ALJ's determination that Plaintiff's depression and anxiety are not "severe" is not supported by substantial evidence. (Doc. 17 p. 11). Plaintiff contends that medical evidence demonstrates that her anxiety and depression cause more than minimal functional limitations and, thus, should have been determined to be severe. (Doc. 17 p. 11-17). Further,

Plaintiff argues that the ALJ should have included mental impairment findings in the RFC determination and in the hypothetical question posed to the vocational expert. (Doc. 17 p. 19-20).

In response, Defendant argues that Plaintiff's arguments lack merit because the ALJ provided a thorough analysis explaining why she found depression and anxiety were not "severe." (Doc. 21 p. 5). Further, Defendant argues that despite not finding depression and anxiety to be severe impairments, the ALJ considered the impairments in determining Plaintiff's RFC. (Doc. 21 p. 5-6). Defendant contends that substantial evidence supports the ALJ's decision not to include mental limitations in Plaintiff's RFC. (Doc. 21 p. 6-10).

At step two, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

According to the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," but only that the ALJ considered the claimant's impairments in combination, whether severe or not. *Heatly v. Comm'r of Soc. Sec.*, 382 F.App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc.*

*Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

In this case, any error the ALJ may have made by finding Plaintiff's mental impairments were not severe was harmless. The ALJ's decision shows that the ALJ considered Plaintiff's alleged mental impairments not only at step two, but also at later steps, significantly while formulating Plaintiff's RFC. In her decision, the ALJ explained that the available mental status examinations from 2014 and 2015 show normal findings in key areas, despite some psychological abnormalities. (Tr. 15). For example, at an October 2014 treatment examination, Plaintiff was alert and oriented with normal mood, affect, and behavior. (Tr. 15, 512). At her psychological consultative examination in November 2014, Plaintiff had coherent and goal-oriented speech, goal-oriented thought process, intact memory, fair abstract reasoning, fair fund of information, intact calculation ability, fair insight, and fair judgment (Tr. 15, 535-36). About a year later, in September 2015, Plaintiff denied having mental health issues or concerns, and the examination showed she was alert and oriented and had appropriate behavior, cooperative attitude, good eye contact, good memory, good concentration, good ability to abstract, coherent speech, euthymic mood, appropriate affect, and intact insight and judgment. (Tr. 15, 575-77).

Further additional notations in the record support the ALJ's finding, showing that even when Plaintiff complained of symptoms, she was alert and fully oriented, cooperative, calm, and pleasant, and had a normal affect. (Tr. 16, 517-18, 540, 559, 563, 586, 600, 605, 662, 665, 668, 670, 673). She had two psychological treatment visits in January and February 2016. At the first, she was friendly and cooperative, and had rational, relevant, and coherent speech and intact memory. (Tr. 676). At the second, she reported that her depression and anxiety were improved with the medication she was prescribed. (Tr. 675). She then had no subsequent psychological

treatment, though she had treatment visits for other conditions. (Tr. 15, 20, 661). In the absence of treatment, Plaintiff did not experience debilitating symptoms as she did not require emergency treatment or hospitalization. (Tr. 15, 20). Plaintiff's daily activities further support the ALJ's determination as to Plaintiff's mental abilities. (Tr. 16). Plaintiff was able to attend to her personal needs, perform household chores, prepare meals, shop, drive, read, watch television, and attended medical appointments. (Tr. 16, 105-06, 107, 536). Plaintiff also displayed adequate mental abilities because she was able to provide detailed medical history to medical providers and respond appropriately to questions during the hearing. (Tr. 16, 102-16, 534-35).

As noted above, substantial evidence "is such relevant evidence as a reasonable person would accept as adequate support to a conclusion" and "[e]ven if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). Here, the ALJ provided substantial evidence for his determination that Plaintiff's mental impairments were not severe and did not cause limitations greater than what the ALJ determined in her RFC finding. Accordingly, the Court will affirm the ALJ's treatment of Plaintiff's alleged mental impairments.

**(b) Whether the ALJ erred by failing to properly evaluate the Adult Function Report completed by Plaintiff's daughter.**

Plaintiff argues that the ALJ erred by failing to properly evaluate the Adult Function Report completed by Plaintiff's daughter Kelly Danaher. (Doc. 17 p. 17). Plaintiff contends that the ALJ improperly accorded this opinion "little weight" on the basis that Ms. Danaher does not have medical expertise and because Ms. Danaher is "colored by her affection" for Plaintiff. (Doc. 17 p. 18). Plaintiff argues that the ALJ applied a *per se* rule that would exclude all function reports completed by relatives, despite the requirement that the ALJ consider all evidence, including lay reports. (Doc. 17 p. 19). In response, Defendant argues that the ALJ properly addressed Ms.

Danaher's opinion and substantial evidence supports her determination that it was entitled to "little weight." (Doc. 21 p. 10-13).

In her decision, the ALJ addressed Ms. Danaher's Adult Function Report as follows:

> The undersigned gives little weight to the report completed by Kelly Danaher (Exhibit 6E). She reported seeing the claimant only a few times a year and there is no evidence that Ms. Danaher is medically trained to make exacting observations as to frequencies, types and degrees of medical signs and symptoms, or of the frequency or intensity of unusual reactions, moods or mannerisms. By virtue of the relationship as daughter to the claimant, she cannot be considered a disinterested third party witness whose reports would not tend to be colored by affection for the claimant and a natural tendency to agree with the symptoms and limitations the claimant alleges. Ms. Danaher's report does not outweigh the accumulated medical evidence, which is more persuasive regarding the extent to which the impairments limit the claimant's functional abilities.

(Tr. 21).

Here, the Court finds no error in the ALJ's treatment of Ms. Danaher's opinion. Because she was not a treating physician, Ms. Danaher's opinion was not entitled to any deference and the ALJ did not need to provide good cause for rejecting her opinion. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). Nevertheless, the ALJ considered Ms. Danaher's report and explained the weight she accorded it. Plaintiff alleges that the ALJ applied a *per se* rule rejecting the opinion on the basis that it is a lay opinion. The ALJ did not merely reject Ms. Danaher's report because she was not medically trained and was not a disinterested party, but discounted it because Ms. Danaher's observations of Plaintiff were limited to just a few times a year and her statement was outweighed by the medical evidence. (Tr. 21). For these reasons, the Court does not find it appropriate to remand for the ALJ to re-address Ms. Danaher's report.

**(c) Whether the ALJ erred by finding that Plaintiff can perform her past relevant work and failing to prove that Plaintiff can perform other work which exists in the national economy.**

Plaintiff argues that the ALJ erred by finding that Plaintiff could return to her past relevant work because the ALJ's hypothetical question to the vocational expert did not include a limitation for standing no more than an hour at a time. (Doc. 17 p. 20-21). Plaintiff notes that once this limitation was added to the hypothetical question, the vocational expert testified that Plaintiff could not perform her past relevant work as a cashier-checker. (Doc. 17 p. 22). Plaintiff argues that this limitation should have been included given the medical record. (Doc. 17 p. 21). Finally, Plaintiff argues that the ALJ erred by failing to proceed to step five and determine whether there were jobs Plaintiff could perform in the national economy. (Doc. 17 p. 23-24). In response, Defendant argues that the ALJ properly relied on the testimony of the vocational expert and substantial evidence supports the ALJ's RFC finding and hypothetical question. (Doc. 21 p. 14-18).

If a claimant can perform any of her past relevant work, either as she performed it or as it is generally performed, she is not disabled. *See* 20 C.F.R. §§ 404.1520(f), 404.1560(b)(3), 416.920(f), 416.960(b)(3). Although not required, the ALJ may rely on the services of a VE to determine whether a claimant can return to her past relevant work. *See* 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2) (a VE may be able to provide information about the physical and mental demands of a claimant's past relevant work and give an opinion as to whether a claimant can do her past relevant work); *Lucas v. Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990). In order for a VE's testimony to constitute substantial evidence to support the ALJ's decision, the ALJ must pose a hypothetical question to the VE that comprises all of the claimant's limitations. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

In this case, the Court finds no error in the ALJ's step four finding that Plaintiff could perform her past relevant work. In her decision, the ALJ addressed Plaintiff's limitations caused by her disorders of the spine and right ankle impairment and determined that Plaintiff's RFC did not include a limitation for Plaintiff to stand no more than an hour at a time. Specifically, the ALJ reviewed Plaintiff's testimony that she was unable to work because she had chronic pain, fractured her ankle, progressively worsening back pain, and a limitation to standing for 15-20 minutes. (Tr. 18). The ALJ found that Plaintiff's assertions were not entirely consistent with the medical evidence. (Tr. 18-19).

Substantial evidence supports the ALJ's decision to discount Plaintiff's statements, and his finding that Plaintiff could perform the standing and walking requirements of light work. As the ALJ explained, after Plaintiff's ankle injury, she had surgery and recovered well. (Tr. 18, 493-502). Her x-rays showed good hardware positioning and alignment with evidence of healing at the fracture site. (Tr. 18, 494). The physical examination showed Plaintiff's right ankle was stable with no more than mild tenderness and only routine follow-up was recommended in 6-9 months. (Tr. 18, 494-95). Subsequent physical examinations show full range of motion of her extremities, normal gait, full strength (5/5), as well as full range of motion in her back, no back tenderness, and no neurological deficits, including normal sensation. (Tr. 18-19, 512, 670, 673). The psychological consultative examiner observed no problems with ambulation. (Tr. 535). Notably, at her physical consultative examination, Plaintiff had full range of motion of her lumbar spine; intact motor strength; and normal flexion and extension of the ankle; and she could walk without an assistive device and without a limp, climb on and off the examination table, and squat and rise. (Tr. 19, 540). The record also reflects that Plaintiff received medication for her pain, and it was helpful for managing her symptoms and surgery was not suggested. (Tr. 19, 671, 673-74).

As substantial evidence supports the ALJ's finding that Plaintiff could perform the standing and walking requirements of light work, the ALJ was not required to include additional limitations in the hypothetical question posed to the vocational expert. The hypothetical question comprised all of Plaintiff's limitations and, accordingly, the ALJ properly relied on the vocational expert's testimony that Plaintiff could perform her past relevant work. Because substantial evidence supported the ALJ's determination that Plaintiff could perform her past relevant work, she was not required to continue to step five and determine whether there were other jobs in the national economy Plaintiff could perform.

**III.   Conclusion**

The decision of the Commissioner is **AFFIRMED.** The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 2, 2019.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties